UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANAI MEEKS,<br><br>           Plaintiff,<br><br>   v.<br><br>NATASHA CHRONISTER, et al.,<br><br>           Defendants. | No. 2:19-cv-2514-KJM-KJN (PS)<br><br>ORDER GRANTING IFP REQUEST AND DIRECTING SERVICE<br><br>(ECF No. 2) |

Plaintiff, who proceeds in this action without counsel, previously requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF No. 2.)[1] On December 13, 2019, Magistrate Judge Cota found Plaintiff's in forma pauperis affidavit made the showing required by § 1915, and granted her request to proceed in forma pauperis.[2] (ECF No. 3.)

However, the determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

[2] Soon after granting the IFP request, Magistrate Judge Cota recused himself from this action. (See ECF No. 4.) The case was then reassigned to the undersigned.

1

relief against an immune defendant.

In this case, Plaintiff attempts to state claims against three employees of the Oroville Child Services Department and one officer of the Oroville Police Department. (See generally ECF No. 1.) Plaintiff's claims are brought under 42 U.S.C. § 1983, and concern the Department's seizure and placement of her children in foster care. (See Id.) Based on the limited record, Plaintiff's Complaint *potentially* states one or more claims against Defendants, and the Court cannot conclude dismissal is otherwise appropriate. The Court reserves decision as to Plaintiff's claims until the record is sufficiently developed, and this order does not preclude Defendant from challenging Plaintiff's complaint through a timely motion pursuant to Federal Rule of Civil Procedure 12 or other appropriate method of challenging Plaintiff's pleading. Accordingly, the Court orders service of the Complaint on Defendant.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Service of the complaint is appropriate for Defendants named in the complaint (See ECF No. 1);

2. The Clerk of Court is directed to issue forthwith all process pursuant to Federal Rule of Civil Procedure 4;

3. The Clerk of Court shall send Plaintiff one USM-285 form, one summons, this court's scheduling order, and the forms providing notice of the magistrate judge's availability to exercise jurisdiction for all purposes;

4. Plaintiff is advised that to effectuate service, the U.S. Marshal will require:

   a. One completed summons;

   b. One completed USM-285 form for each Defendant to be served;

   c. A copy of the complaint for each Defendant to be served, with an extra copy for the U.S. Marshal; and

   d. A copy of this court's scheduling order and related documents for each Defendant to be served.

5. Plaintiff shall supply the U.S. Marshal, within 30 days from the date this order is filed, with all information needed by the U.S. Marshal to effectuate service of

process, and shall, *within 10 days thereafter, file a statement with the court that such documents have been submitted to the U.S. Marshal*;

6. The U.S. Marshal shall serve process, with copies of this court's scheduling order and related documents, within 90 days of receipt of the required information from plaintiff, without prepayment of costs;

7. If a Defendant waives service, the Defendant is required to return the signed waiver to the U.S. Marshal. The filing of an answer or a responsive motion does not relieve a Defendant of this requirement, and the failure to return the signed waiver may subject a Defendant to an order to pay the costs of service by the U.S. Marshal; and

8. Failure to comply with this order may result in any appropriate sanctions, including monetary sanctions and/or dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b).

Dated: February 4, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

meek.2514