UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANAI MEEKS, | No. 2:19-cv-2514-KJM-KJN PS |
| Plaintiff, | ORDER |
| v. | (ECF No. 9) |
| NATASHA CHRONISTER, et al., | |
| Defendants. | |

On December 13, Plaintiff filed a Complaint and accompanying motion to proceed in forma pauperis (IFP).[1] (ECF Nos. 1, 2). The Court granted the IFP request on January 29, 2020. (ECF No. 4.) Presently before the Court is Plaintiff's filing from February 14, 2020, entitled "motion to appoint counsel," which is a Form 24 from the Ninth Circuit Court of Appeals. (ECF No. 9.) Therein, Plaintiff asserts she has moved to proceed IFP, and her case is a civil appeal or petition for review. (Id.) This motion is construed as one to appoint counsel in the district court.

Any successful application for appointment of counsel must comply with criteria set forth in Bradshaw v. Zoological Society of San Diego, 662 F.2d 1301 (9th Cir. 1981). Before appointing counsel to a plaintiff, the court must consider (1) plaintiff's financial resources, (2) the efforts already made by plaintiff to secure counsel, and (3) plaintiff's likelihood of success on the

---
[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636(c) and Local Rule 302(c)(21).

1

merits. Id. at 1318. "The plaintiff has the burden of proof and must meet all three factors." Reddy v. Precyse Sols. LLC, 2013 WL 2603413, at *1 (E.D. Cal. June 11, 2013) (citing Castner v. Colorado Springs Cablevision, 979 F.2d 1417, 1421 (10th Cir.1992)). Appointment of counsel is not a matter of right. See Ivey v. Bd. of Regents, 673 F. 2d 266 (9th Cir. 1982). Moreover, "counsel may be designated under section 1915(d) only in 'exceptional circumstances'. . . [which] requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate [her] claims pro se in light of the complexity of the legal issues involved.'" Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (cleaned up).

Because Plaintiff has previously been granted IFP status, the Court finds the first Bradshaw factor is met. However, the Court declines to appoint counsel based on the second and third Bradshaw factors simply because Plaintiff's filing provides no information on her efforts to obtain counsel or her argument as to the likelihood of success on her merits. However, even if Plaintiff could provide more information at this time, the third factor counsels against appointment. Though the Court has granted Plaintiff IFP status and ordered service—finding her Complaint *potentially* states claims—it is too soon in the litigation to tell whether Plaintiff can succeed on the merits. Further, the Court sees no "exceptional circumstance" that would warrant counsel to be appointed. The "exceptional circumstances" standard is met through evaluation of the likelihood of success on the merits and the ability of plaintiffs to articulate their claims in light of the complexity of the legal issues involved. Wilborn, 789 F.2d at 1331 (quoting Weygtandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). Not only is the 'success on the merits' prong deficient, the Court sees no complex issues currently active. This case is still in its initial phase, and Plaintiff has been given simple instructions to serve Defendants (which she may not have completed yet). The Court therefore does not find this matter to be so complex as to warrant the appointment of counsel.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion to appoint counsel (ECF No. 9) is DENIED.

Dated: February 20, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE