UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANAI MEEKS, | No. 2:19-cv-2514-KJM-KJN (PS) |
| Plaintiff, | ORDER VACATING HEARING AND DIRECTING SERVICE |
| v. | |
| NATASHA CHRONISTER, et al., | |
| Defendants. | |

Plaintiff, who proceeds in this action without counsel, previously was granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF No. 2.)¹ The undersigned screened plaintiff's complaint, pursuant to 28 U.S.C. § 1915, and found that based on the limited record, it *potentially* stated one or more claims against defendants. (ECF No. 5.) Thus, the court found that service was appropriate, and directed plaintiff to submit the service documents to the U.S. Marshal for processing. The court issued a scheduling order, and set a status conference for June 11, 2020.

Since that time, a number of events have occurred that require the court's and plaintiff's attention. First, it does not appear the U.S. Marshal has received the documents required to effectuate service. The court is in receipt of plaintiff's note that she mailed documents (ECF No.

---

¹ This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

1  11), but there is no verification on where she sent them or what documents were sent. The U.S.
2  Marshal has confirmed that it has received no service documents from plaintiff. Thus, plaintiff
3  shall contact the U.S. Marshal's office to inquire about service of her complaint. As defendants
4  have yet to be served, there is no need to hold the joint status hearing at this time.

5  More importantly, it appears from the docket that plaintiff has filed a document entitled
6  "First Amended Complaint," wherein she states she is adding her children as plaintiffs and
7  requests additional relief. When a plaintiff files a first amended complaint prior to a defendant's
8  answer, the amended complaint replaces the prior one. See Federal Rule of Civil Procedure
9  15(a). ("A party may amend its pleading once as a matter of course"). However, this
10 amendment triggers the screening process under 28 U.S.C. § 1915, which means the court is
11 directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or
12 if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or
13 seeks monetary relief against an immune defendant.

14 Plaintiff's First Amended Complaint appears to restate many of the same facts as were
15 alleged in her initial complaint. She attempts to state claims against employees of the Oroville
16 Child Services Department and one officer of the Oroville Police Department. (See generally
17 ECF No. 8.) Plaintiff's claims are brought under 42 U.S.C. § 1983, and concern the
18 Department's seizure and placement of her children in foster care. (See Id.) She is seeking
19 money damages, as before, but has also added requests for injunctive relief. (Id. at 2-3.)

20 First, it is important for plaintiff to be aware that her additional request for injunctive
21 relief—that "sole custody of [her] children be awarded back to her with the addition of [her]
22 alienated 14 year old son [B.H.] by way of reversing Sacramento County and Alameda County's
23 and Butte County's Orders"—is not relief which this court has the power to grant. This limitation
24 is because this issue is barred by the Rooker-Feldman doctrine. See Wolfe v. Strankman, 392
25 F.3d 358, 362 (9th Cir. 2004)). ("Rooker-Feldman bars federal district courts from exercising
26 subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment."). "If
27 a federal plaintiff asserts [she was wronged by] an allegedly erroneous decision by a state court,
28 and seeks relief from a state court judgment based on that decision, Rooker-Feldman bars subject

2

matter jurisdiction in federal district court." Noel v. Hall, 341 F.3d 1148, 1164 (9th Cir. 2003) (emphasis added).  The court notes from the exhibits attached to plaintiff's First Amended Complaint that a number of custody proceedings have taken place in California Superior Court. Thus, it appears the First Amended Complaint's request for injunctive relief regarding custody of plaintiff's children goes to the heart of the Superior Courts' custody proceedings.  Therefore, plaintiff's request for injunctive relief is barred by Rooker-Feldman, and proceed.  See, e.g., Wood v. Kern Cty. Child Protective Servs., 2014 WL 1664885, at *7 (E.D. Cal. Apr. 23, 2014) (to the extent plaintiffs' complaint concerned the state-court custody proceedings, "the court is unable to review the propriety of the juvenile dependency proceedings, the termination of parental rights, or the children's ultimate adoption according to the Rooker–Feldman doctrine.").

      Second, the court notes plaintiff's continued requests for a "speedy trial."  Sixth Amendment rights apply to criminal proceedings and not to civil cases, like this one.  See Los Angeles County Bar Ass'n v. Eu, 979 F.2d 697, 706–707 (9th Cir. 1992).  Thus, these requests are denied.

      Beyond the above, the court reverts to its original conclusion regarding plaintiff's allegations—that based on the limited record, plaintiff's First Amended Complaint *potentially* states one or more claims against Defendants for money damages, and the court cannot conclude that full dismissal is otherwise appropriate. The court reserves decision as to plaintiff's claims until the record is sufficiently developed, and this order does not preclude any defendant from challenging plaintiff's First Amended Complaint through a timely motion pursuant to Federal Rule of Civil Procedure 12 (or other appropriate method of challenging a pleading).  Accordingly, the Court orders service of the First Amended Complaint on Defendant.

      For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The joint status hearing, currently set for June 11, 2020, is VACATED;
2. Service of the First Amended Complaint is appropriate for defendants named therein (See ECF No. 8);
3. The Clerk of Court shall send plaintiff a set of service documents: five USM-285 forms, one summons, and this court's scheduling order;

4. Plaintiff is advised that to effectuate service, the U.S. Marshal will require:

    a. One completed summons;

    b. One completed USM-285 form for each defendant to be served;

    c. A copy of the First Amended Complaint for each defendant to be served, with an extra copy for the U.S. Marshal; and

    d. A copy of this court's scheduling order for each defendant to be served.

5. Plaintiff shall supply the U.S. Marshal, within 30 days from the date this order is filed, with all information needed by the Marshal to effectuate service. *Within 10 days after providing the documents to the U.S. Marshal, plaintiff shall file a statement with the court <u>listing the documents she submitted, listing the address where they were submitted, how they were submitted (i.e. by mail, in person, etc.), and, if applicable, the individual she spoke with when submitting the documents</u>*;

6. The U.S. Marshal shall serve process, with copies of this court's scheduling order and related documents, within 90 days of receipt of the required information from plaintiff, without prepayment of costs;

7. If a defendant waives service, he/she is required to return the signed waiver to the U.S. Marshal. The filing of an answer or a responsive motion does not relieve a defendant of this requirement, and the failure to return the signed waiver may subject a defendant to an order to pay the costs of service by the U.S. Marshal; and

8. Failure to comply with this order may result in any appropriate sanctions, including monetary sanctions and/or dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b).

Dated: June 3, 2020

                                              KENDALL J. NEWMAN
                                              UNITED STATES MAGISTRATE JUDGE

meek.2514