UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANAI MEEKS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>NATASHA CHRONISTER, et al.,<br><br>　　　　　Defendants. | No. 2:19-cv-2514-KJM-KJN PS<br><br>ORDER WITHDRAWING FINDINGS AND RECOMMENDATIONS AND ORDER REGARDING SERVICE<br><br>(ECF Nos. 18, 19.) |

Plaintiff, who proceeds in this action without counsel, previously was granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF No. 2.)[1] The undersigned screened plaintiff's complaint and found that, based on the limited record, it potentially stated one or more claims against defendants. (ECF No. 5.) Thus, the court found that service was appropriate, and directed plaintiff to submit the service documents to the U.S. Marshal for processing. (Id.) Plaintiff indicated she sent the documents to the U.S. Marshal (ECF No. 11), but the Marshal's office confirmed that it had not received anything from plaintiff. The court again ordered plaintiff to send the documents to the Marshal, and to file a declaration within 30 days that she had done so. (ECF No. 16.) By late July, no declaration had been filed, so the court issued findings and recommendations to dismiss the case. (ECF No. 18.)

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

On August 7, 2020, plaintiff filed a three page document with the court entitled "certificate of service." (ECF No. 19.) The first two pages are in plaintiff's handwriting, indicating that on June 25, 2020, a Mr. Justin Ryan mailed documents "to governmental agencies." It appears Mr. Ryan used a business-class envelope to mail the documents, addressed to "Robert Matsui Federal" at 501 I St.—the court's address. The envelope is stamped "refused" by the postal service for failure to include postage and for "misuse of envelope." (Id. at 3.) No explanation is included regarding what documents were mailed, or if plaintiff attempted to mail the summons and complaint to the U.S. Marshal after the postal service's rejection.

It appears plaintiff has not entirely disappeared from the case, but instead is simply failing to follow the court's instructions regarding service. (See ECF No. 19.) Further, the court is cognizant of its previous conclusion that, based on the limited record, plaintiff's First Amended Complaint potentially states one or more claims against defendants for money damages. (ECF No. 16.) Thus, in the interests of justice and for good cause, the court will withdraw its previous findings and recommendations to dismiss the case. In its place, the court provides plaintiff with one more chance to submit her service documents to the U.S. Marshal's office, by mail or in person, following the explicit instructions below. Any further failure to comply with the court's order regarding service will be deemed reason to dismiss the case for failure to follow a court order. <u>This includes any failure on plaintiff's part to submit the documents to the U.S. Marshal, affix the proper postage, use a viable envelope, or any other such action not in line with the court's simple instructions regarding delivery of the documents.</u>

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The findings and recommendations, issued July 29, 2020 (ECF No. 18) are WITHDRAWN;
2. Service of the First Amended Complaint is appropriate for defendants named therein (See ECF No. 8);
3. The Clerk of Court shall send plaintiff the following: one summons, five USM-285 forms, one copy of the First Amended Complaint (ECF No. 8), and one copy of the court's scheduling order;

4. Within 30 days from the date of this order, plaintiff shall submit to the U.S. Marshal (at "U.S. Marshal, 501 I St., 5th Floor, Sacramento, CA 95814") the following documents:

   a. One completed summons;
   b. Five completed USM-285 forms, one for each defendant to be served;
   c. Six copies of the First Amended Complaint, one for each defendant to be served with an extra copy for the U.S. Marshal; and
   d. Five copies of this court's scheduling order.

5. *Within 10 days after providing the documents to the U.S. Marshal, plaintiff shall file a statement with the court <u>listing the documents she submitted, listing the address where they were submitted, detailing how they were submitted (i.e. by mail, in person, etc.), and, if applicable, any individual plaintiff spoke with when submitting the documents</u>*;

6. The U.S. Marshal shall serve process, with copies of this court's scheduling order and related documents, within 90 days of receipt of the required information from plaintiff, without prepayment of costs;

7. If a defendant waives service, he/she is required to return the signed waiver to the U.S. Marshal. The filing of an answer or a responsive motion does not relieve a defendant of this requirement, and the failure to return the signed waiver may subject a defendant to an order to pay the costs of service by the U.S. Marshal; and

8. Failure to comply with this order may result in any appropriate sanctions, including monetary sanctions and/or dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b).

Dated:  August 25, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

meek.2514

3